UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18-cr-00232-JST-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| DAVEY WAYNE HUDSON, | Re: ECF No. 48 |
| Defendant. | |

Before the Court is Defendant Davey Wayne Hudson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 48. The Court will deny the motion.

## I. BACKGROUND

Hudson was sentenced to 120 months in prison after pleading guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2). He is 63 years old and is currently incarcerated at the Federal Correctional Institution, Terminal Island ("FCI-TI").

On December 6, 2024, Hudson filed this *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that extraordinary and compelling reasons exist for the Court to reduce his sentence. ECF No. 48. The Government opposes the motion. ECF No. 51. Hudson has filed a reply. ECF No. 58.

## II. LEGAL STANDARD

A court may modify a previously imposed sentence:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).[1]  Under this provision, the court may reduce a term of imprisonment if it finds that, "after considering the factors set forth in section 3553(a) to the extent they are applicable," *id.*, "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i).  The court must also ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling reasons," but the Policy Statement at Section 1B1.13 of the United States Sentencing Guidelines Manual sets forth the following definition:

> (b) *Extraordinary and Compelling Reasons.*–Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) *Medical Circumstances of the Defendant.*–
>
> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is–
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

---

[1] Hudson submitted a request to the warden on September 3, 2024, more than 30 days before filing this motion, and has therefore satisfied the administrative exhaustion requirement.  ECF No. 48 at 5.  The Government does not dispute this.  ECF No. 51 at 8.

2

      (D) The defendant presents the following circumstances–

        (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

        (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

        (iii) such risk cannot be adequately mitigated in a timely manner.

U.S. Sent'g Guidelines Manual § 1B1.13(b)(1).[2]

In considering a motion for compassionate release, the court's analysis proceeds as follows:

> First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. Second, the court must evaluate whether a reduction would be consistent with *applicable* policy statements issued by the Sentencing Commission. Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case. Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (emphasis in original) (citation modified).

## III. DISCUSSION

Hudson seeks "a modification of his sentence to time served due to his age and medical conditions, the imminent risk of contracting Covid-19 due to the lack of testing and vaccination availability, and the harsh conditions of his confinement to date." ECF No. 48 at 4. He states that he "suffers from Atrial [fibrillation], Cardiac Arrythmia, Type 2 diabetes, Endocrine disease, Hypothyroidism, [Carpal] tunnel, Mononeuropathy of the upper limb, Polyneuropathy and other

---

[2] The Sentencing Guidelines Manual sets out additional categories of exceptional and compelling circumstances that are not relevant here, such as "victim of abuse" and "age of the defendant," which the Court does not discuss. The Court limits its discussion to the medical circumstances argued in Hudson's motion.

1    disorders of the [peripheral] nervous system," as well as from "depression and bipolar disorders
2    for which he was undergoing psychiatric treatment and prescribed medications prior to arriving to
3    FCI-TI." *Id.* at 7–8.  He argues that staff at FCI-TI "have terminated Covid-19 testing, and no
4    longer provide vaccines and/or booster shots for the various subvariants of Covid-19," and that,
5    "over the last several years, [he] has requested, but has been [continuously] denied, appropriate
6    and timely medical care for his multitude of medical conditions." *Id.* at 4.  He further argues that
7    his 120-month sentence, which the court imposed only because it was the mandatory minimum
8    sentence, is particularly harsh given that the Sentencing Guidelines range for his offense was 87 to
9    108 months. *Id.* at 9, 12.  He also makes various arguments about the lack of risk he presents to
10   the community. *Id.* at 13–14.

11        Hudson's circumstances do not meet any of the criteria for extraordinary and compelling
12   reasons set forth in the Policy Statement at Section 1B1.13.  He does not meet the criteria in
13   subpart (A) because he is not suffering from a terminal illness.  He does not meet the criteria in
14   subpart (B) because, even assuming that his medical conditions are "serious" within the meaning
15   of that section, he has not shown that his medical conditions "substantially diminish[] [his] ability
16   . . . to provide self-care within the environment of a correctional facility." U.S. Sent'g Guidelines
17   Manual § 1B1.13(b)(1)(B).  Subpart (C) does not apply because Hudson has not shown that his
18   medical condition "requires long-term or specialized medical care that is not being provided and
19   without which the defendant is at risk of serious deterioration in health or death," *id.*
20   § 1B.13(b)(1)(C), and, to the contrary, medical care *is* being provided, *see* ECF No. 52-1.[3]
21   Finally, subpart (D) does not apply because he has not shown either that he is "housed at a
22   correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of
23   infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal,
24   state, or local authority," or that "such risk cannot be adequately mitigated in a timely manner."
25   U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(D).  Although COVID-19 is still present in the

---

[3] At various places in his reply brief, Hudson asks the Court to disregard the medical records in favor of Hudson's description of the medical care he has requested or has been receiving. *See*, *e.g.*, ECF No. 58 at 4–5.  The Court elects to rely on the medical records.

4

community, there is no "outbreak" at FCI-TI, which currently reports having no open cases. Fed. Bureau of Prisons, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp [https://perma.cc/47A6-6727] (FCI-TI listed as "TRM"). Hudson argues that early release is appropriate because he is "a person with a long history of medical and psychological issues." ECF No. 58 at 7. But that is not enough to bring him within the definition of "extraordinary and compelling reasons."

Because Hudson has not shown extraordinary and compelling reasons for his release, the Court does not consider whether release would be consistent with applicable policy statements issued by the Sentencing Commission or whether release is warranted under the factors set forth in 18 U.S.C. § 3553(a). *Wright*, 46 F.4th at 945.

**CONCLUSION**

For the foregoing reasons, Hudson's motion is denied.

**IT IS SO ORDERED.**

Dated: October 8, 2025

JON S. TIGAR
United States District Judge